IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>RALPH B. AND U.S. DISTRICT COURT,<br><br>Defendants. | Case No. 3:26-cv-00239-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>THE U.S. AIR FORCE, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00252-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>RALPH R. BEISTLINE, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00253-SLG |
| TAMISHA LEWIS,<br><br>Plaintiff,<br>v.<br><br>GOVERNOR MIKE DUNLEAVY, OFFICE OF CHILDREN'S SERVICES, AND THE U.S. AIRFORCE,<br><br>Defendants. | Case No. 3:26-cv-00273-SLG |

| | |
|---|---|
| TAMISHA LEWIS,<br>Plaintiff,<br>v.<br>RALPH R. BEISTLINE<br>Defendant. | Case No. 3:26-cv-00319-SLG |
| TAMISHA LEWIS,<br>Plaintiff,<br>v.<br>ALASKA DEPARTMENT OF SAFETY, *et al.,*<br>Defendants. | Case No. 3:26-cv-00336-SLG |
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>VERISON PHONE COMPANY, *et al.*,<br>Defendants. | Case No. 3:26-cv-00338-SLG |
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>DAVID CHINNAMON, *et al.,*<br>Defendants. | Case No. 3:26-cv-00339-SLG |

| | |
|---|---|
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>ALASKA YELLOW CAB, *et al.,*<br>Defendants. | Case No. 3:26-cv-00348-SLG |
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>RALPH R. BEISTLINE, *et al.,*<br>Defendants. | Case No. 3:26-cv-00352-SLG |
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>HOME WOMEN'S SHELTER, *et al.,*<br>Defendants. | Case No. 3:26-cv-00354-SLG |
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>AWAIC SHELTER, *et al.,*<br>Defendants. | Case No. 3:26-cv-00355-SLG |

| | |
|---|---|
| TAMISHA LEWIS-JUNGE,<br>Plaintiff,<br>v.<br>CATHY DAMON, *et al.,*<br>Defendants. | Case No. 3:26-cv-00358-SLG |

**ORDER OF DISMISSAL & NOTICE OF ENTRY OF VEXATIOUS LITIGANT PREFILING RESTRICTION ORDER**

On August 28, 2026, the Court issued a Notice of Intent to Dismiss & Enter Vexatious Litigant Order in four of the above-captioned cases filed by self-represented litigant Tamisha Lewis (Plaintiff), aka Tamisha Lewis-Junge.[1] Plaintiff was accorded 30 days to file a response demonstrating why she should not be deemed a vexatious litigant and subject to a pre-filing order in the U.S. District Court for the District of Alaska.[2] To date, Plaintiff has not filed a response to the Notice of Intent to Dismiss & Enter Vexatious Litigant Order. Instead, Plaintiff has submitted numerous new filings that demonstrate a continued inability or unwillingness to understand and follow the Court's orders.

For the reasons stated in the Notice of Intent to Dismiss & Enter Vexatious

[1] Case No. 3:26-cv-00239-SLG, *Lewis v. B., et al.,* Docket 10.

[2] Neither an actual response by the litigant nor a hearing on this issue is mandatory if the litigant is given an opportunity to brief the issue. *See Molski v. Evergreen Dynasty Corp.,* 500 F.3d 1047 (9th Cir. 2007) (citing *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) ("[A]n opportunity to be heard does not require an oral or evidentiary hearing on the issue," since "[t]he opportunity to brief the issue fully satisfies due process requirements.").

Litigant Order and in this Order, the Court finds that Ms. Lewis is a vexatious litigant. Therefore, Ms. Lewis is now required to obtain preapproval from the Court before filing any further documents in this Court other than a notice of appeal.[3]

## I. Summary of Plaintiff's Recent Filings[4]

On September 4, 2026, Plaintiff filed *Lewis v. Beistline, et al.,* Case No. 3:26-cv-00319-SLG (Case 319). In the case caption, Plaintiff names District Judge Ralph R. Beistline and the "District Alaska Courthouse" as defendants. In the defendants section of Complaint in Case 319, Plaintiff names "Ralph B." and the Anchorage District Court.[5] In Claim 1, Plaintiff alleges that on or about December 2, 2025, Judge Beistline violated Plaintiff's right to a speedy trial by improperly dismissing her previous case.[6] In Claim 2, Plaintiff claims that on or about November 14, 2025, the Anchorage District Court "tooted at evidence and dismissed [her] cases" and appears to allege that the Court is required to call unidentified people to get required evidence and refer to textbooks to determine what fines "they have to pay."[7] For relief, Plaintiff seeks $7,000,000 in damages, an order requiring defendants to "leave," and "give case to Sharon."[8] With her Case

---

[3] 28 U.S.C. § 1651(a).

[4] Minor spelling and grammatical errors have been corrected in this Order without notation.

[5] Case 319, Docket 1 at 2.

[6] Case 319, Docket 1 at 3.

[7] Case 319, Docket 1 at 5.

[8] Case 319, Docket 1 at 7.

319 Complaint, Plaintiff filed copies of previous orders issued by Judge Beistline and the accompanying Notice of Electronic Filing (NEF) with her added highlights and handwritten comments throughout.[9]

On September 23, 2026, Plaintiff filed *Lewis v. Alaska Department of Safety, et al.,* Case No. 3:26-cv-00336-SLG, naming the Alaska Department of Safety and the "Alaska Air Force (NASA)" as defendants. In Claim 1, Plaintiff alleges that the Alaska Department of Safety violated her right to be free from cruel and unusual punishment from sometime in 2021 through the date that case was filed. Plaintiff claims that a background check in or around July 2021 demonstrated that she had no criminal record, but that when she went back to get another background check on an unidentified date, the background check showed what Plaintiff claims is a false charge for "not leaving the police and courthouse alone in 2025" and for an assault she alleged was committed by a Kamisha Lewis who impersonated and robbed Plaintiff in 2015.[10] In Claim 2, Plaintiff alleges that on or about September 23, 2023, a "team of liars" wrongfully arrested Plaintiff. Plaintiff refers to recordings made through camouflage, hypnosis, deepfake audio, and smart contact lenses.[11]

Plaintiff filed two cases on September 28, 2026. In *Lewis-Junge v. Verizon Phone Company, et al.,* Case No. 3:26-cv-00338-SLG, Plaintiff names the Verizon

---

[9] Case 319, Docket 1-1.

[10] Case 336, Docket 1 at

[11] Case 336, Docket 1 at 4.

Phone Company, the U.S. Air Force, and the Alaska State Troopers. In Claim 1, Plaintiff alleges that from approximately 2015 to 2026, the Phone Company broke into her phone and planted disturbing material in her online accounts. In Claim 2, Plaintiff alleges that the U.S. Air Force allowed the Phone Company to break into her phone; and in Claim 3, Plaintiff alleges that the Alaska State Troopers also broke into her phone. For relief, Plaintiff seeks $14 million in compensatory damages, $14 million in punitive damages, and an order directing Defendants to stop sending lies through her phone.

In *Lewis-Junge v. Chinnamon, et al,* Case No. 3:26-cv-00339-SLG, also filed September 28, 2026, Plaintiff names David Chinnamon, the Alaska State Troopers, and the Alaska Air Force as defendants. In Claim 1, Plaintiff alleges that in February 2024, a "random person" broke into her house and sexually assaulted her, that a team in camouflage "played delusion" and tried to convince her to have sex with Office David Chinnamon and record it.[12] In Claim 2, Plaintiff alleges that between 2023 and 2026, the Alaska State Troopers refuse to arrest "the team" despite her calls to 911 and visits to the police station.[13] In Claim 3, Plaintiff alleges that from 2010 through 2026, the Alaska Air Force violated her right to be free from cruel and unusual punishment. Plaintiff's narrative supporting Claim 3 is hard to follow, but references her father, stealing, false charges, stalking, marriage to a

[12] Case 339, Docket 1 at 3.

[13] Case 339, Docket 1 at 4.

delusional officer, and technology-based manipulation.[14]

On October 2, 2026, Plaintiff filed *Lewis-Junge v. Alaska Yellow Cab, et al.,* Case No. 3:26-cv-00348-SLG, naming Alaska Yellow Cab, the Alaska State Troopers, and the Alaska Air Force as defendants. In Claim 1, Plaintiff alleges Alaska Yellow Cab violated her rights from 2015 to 2026 by allowing the team to hide in their cabs and follow her around.[15] In Claim 2, Plaintiff alleges the Alaska State Troopers took people from facilities that Plaintiff complained about, are helping the team, are allowing child pornography, and are continuing a "distorted investigation with government technology."[16]

Plaintiff filed three more cases on October 6, 2026. In *Lewis-Junge v. Beistline, et al.,* Case No. 3:26-cv-00352-SLG, Plaintiff alleges that in 2025 and 2026, Judge Beistline violated her rights by dismissing evidence.[17] In Claim 2, Plaintiff claims the Alaska District Court violated her rights because "[t]here was no footage or court" and Judge Beistline dismissed her cases. She adds that Judge Beistline "is getting sued for dismissing evidence" and that the "Court knows how to get footage."[18] For relief, Plaintiff seeks $7,000,000 and an order requiring

---

[14] Case 339, Docket 1 at 5.

[15] Case 348, Docket 1 at 3.

[16] Case 348, Docket 1 at 4.

[17] Case 352, Docket 1 at 3.

[18] Case 352, Docket 1 at 4.

defendants to leave her alone and "let Sharon do her job."[19]

In *Lewis-Junge v. Hope Women's Shelter, et al.,* Case No. 3:26-cv-00354-SLG, Plaintiff names the Hope Women's Shelter, the U.S. Air Force, and the Alaska State Troopers as defendants. Plaintiff alleges that from approximately 2010 to 2026, defendants facilitated or failed to stalking, sexual harassment, and assaults at the Hope Shelter, used "deep fake audio," and refusal to arrest perpetrators, robbers and demanders of ransom.[20] For relief, Plaintiff seeks $5,000,000 in damages, and an order requiring defendants to leave her alone and "return back everything to her."[21]

Similarly, in *Lewis-Junge v. AWAIC Shelter, et al.,* 3:26-cv-00355-SLG, Plaintiff names the AWAIC Shelter, the Alaska Air Force, and the Alaska State Troopers as defendants and brings three overlapping claims that refer to a delusional technology team, ransom, deep fake audio, rape, camouflage, stolen property, and defendants named in her other lawsuits.[22]

On October 8, 2026, Plaintiff filed *Lewis-Junge v. Damon, et al.,* Case No. 3:26-cv-00358-SLG, naming Cathy Damon, the Alaska State Troopers, and the U.S. Air Force as defendants. Plaintiff alleges that from approximately 2010 or 2015 through 2026, these defendants engaged in or failed to stop harassment,

---

[19] Case 352, Docket 1 at 6-7.

[20] Case 354, Docket 1 at 3-5.

[21] Case 352, Docket 1 at 6-7.

[22] Case 355, Docket 1 at 3-5.

theft of money and belongings, stalking, and misuse of technology, which she characterizes as cruel and unusual punishment. For relief, Plaintiff seeks $5,000,000 in damages and $51,000,000 in punitive damages, an order requiring the return of "everything," and an order that defendants leave her alone.[23]

In addition to these new cases, Plaintiff has also improperly filed subpoenas in her closed cases.[24] And on October 19, 2026, Plaintiff filed a motion to reopen all of her closed cases and remove Judge Beistline as the judge.[25]

The Court recognizes that the matters Plaintiff describes in her filings likely are deeply troubling to Plaintiff. But there are many issues that quite simply cannot be resolved by a federal court case. Moreover, a court cannot act as a lawyer for a party or advise a party on litigation strategy.[26] Upon review, Plaintiff's filings all fail to state a claim for relief and are frivolous.[27] Further, some of the filings contain profane or derogatory language and hostile commentary directed toward parties and court personnel. Accordingly, each of the above-captioned cases must be dismissed without leave to amend. Further, Plaintiff's history of filing numerous cases that are clearly without legal merit and duplicative of previously filed actions supports the imposition of a vexatious litigant order.

---

[23] Case 358, Docket 1 at 3-5.

[24] *See, e.g.,* Case No. 3:25-cv-00201-RRB, Docket 11.

[25] Case 319, Docket 4.

[26] *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[27] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (defining a frivolous complaint as one that "lacks an arguable basis either in law or in fact").

## II. Entry of Vexatious Litigant Prefiling Restriction Order

On August 28, 2026, the Court issued a Notice of Intent to Dismiss & Enter Vexatious Litigant Order.[28] Plaintiff was afforded an opportunity to oppose the entry of the proposed order but has failed to do so. In the Notice of Intent to Dismiss & Enter Vexatious Litigant Order, the Court identified 71 cases filed by Plaintiff in this Court from September 9, 2025, to July 22, 2026, that have been dismissed for failure to state a claim and 60 motions filed by Plaintiff to reopen her closed cases. The Court also summarized the four cases that Plaintiff filed between June 18 and July 22, 2026, and explained why each case must be dismissed for failure to state a claim. In this Order, the Court has summarized the additional nine cases that Plaintiff filed between September 4 and the date of this Order. Each of these most recently filed cases must also be dismissed for failure to state a claim and because each case is either frivolous, duplicative of a prior dismissed case brought by Plaintiff, or both.

The Court has previously made a substantive finding of frivolousness and harassment as to Plaintiff's numerous and redundant filings, provided Plaintiff with notice of its intent to enter prefiling restrictions, and accorded Plaintiff an opportunity to respond.[29] The Court has considered less restrictive alternatives, but determined that a pre-filing order is necessary.

---

[28] Case 239, Docket 10.

[29] Case 239, Docket 10 at 14-15.

A pre-filing order requires a litigant's proposed filings to be reviewed by a judicial officer for either acceptance or rejection by the Court as to whether the filing will be docketed. The Court will approve for filing any document prepared by Ms. Lewis that complies with this Order, that is not duplicative of previous filings, is not frivolous, and conforms to the Federal Rules of Civil Procedure and Local Civil Rules. The Court will not require Plaintiff to establish that a proposed action is "meritorious" as a condition of filing.[30] However, **the Court finds that Plaintiff is a vexatious litigant and now enters this Order requiring Plaintiff to obtain preapproval from the Court before filing any further cases, motions, or documents, as explained further below.**

## III. Pre-Filing Review Procedure

A. Plaintiff is permanently enjoined from filing any complaints, pleadings, or other documents in this Court without obtaining express prior written permission of this Court.

B. Such permission may be obtained by attaching to any proposed complaint, pleading, or other filing a document captioned "Application Seeking Leave to File" ("Application").

C. The Application must be supported by a declaration under penalty of perjury signed by Plaintiff stating: (1) that the matters asserted in the complaint, pleading, or other filing have never been raised and disposed of on the

[30] *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1066 (9th Cir. 2014).

merits by any court; (2) that the claim or claims are not frivolous, or made in bad faith, or made for purposes of harassment; and (3) that Plaintiff has conducted a reasonable investigation of the facts, and that this investigation supports the claims or allegations contained in the proposed filing.[31] In addition, a copy of this order shall be attached to any Application.

D. The Application, a copy of this order, and the proposed document to be filed may be mailed or delivered directly to the Clerk's Office of the United States District Court for the State of Alaska.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint in each of the above-captioned cases is **DISMISSED.** The Court finds that granting Plaintiff leave to file an amended complaint in each case would be futile.

2. All pending motions in each of the above-captioned cases are **DENIED**.

3. **Tamisha Lewis, aka Tamisha Lewis-Junge, is deemed a vexatious litigant, and the Clerk of Court is directed not to file any complaints, pleadings, or other documents in this Court without the express written permission of this Court.**

4. In addition to docketing this Order in the instant case, the Clerk is directed to open a miscellaneous case captioned: In re Tamisha Lewis-Junge—

---

[31] *See generally* Fed. R. Civ. P. 11(b).

Prefiling Review. The Clerk shall docket a copy of this Order and a copy of the Notice of Intent to Dismiss & Enter Vexatious Litigant Order at Docket 10 in Case No. 3:26-cv-00239-SLG in the new miscellaneous case.

5. The miscellaneous case serves only to administer this Order. An attempted filing entry does not commence a civil action or constitute acceptance of the proposed document for filing.

6. All documents Plaintiff submits for filing after the date of this Order shall be addressed exclusively in the miscellaneous case. The Clerk shall not docket any attempted filing in any closed case, even if Plaintiff identifies that closed case by name or case number or expressly requests filing in that case.

7. Upon receipt of an incomplete or facially noncompliant Application—or if Plaintiff fails to follow the terms of this Order and attempts to file complaints, pleadings, or other documents without an Application—the Clerk's Office shall return the original submitted materials to Plaintiff with the Notice of Electronic Filing (NEF) generated for the corresponding text-only docket entry in the miscellaneous case indicating that the attempted filing was rejected as noncompliant.

8. Upon receipt of an Application, the Clerk's Office shall file and docket the Application only and then receive-stamp the underlying documents. The Clerk's Office shall then promptly forward the Application and proposed filing to the Chief Judge or her designee for review.

9. The Court will disapprove and deny the filing of any proposed

complaint, pleading, or other document that fails to set forth plausible facts to support substantive legal theories based on federal or state law, or that fails to follow the rules of the Federal Rules of Civil Procedure and the local rules adopted by the Alaska District Court.

10. Unless directed otherwise by the Court, other parties to a case shall not file any response to an Application.

11. The Clerk of Court shall enter a Final Judgment in each of the cases identified in the case captions at the outset of this order and closes those cases.

DATED this 2nd day of November, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE